UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JERRY JONES,

                          Plaintiffs,

           -against-

CITY OF NEW YORK; Police Officer MATTHEW GRADY, Shield No. 7632; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

Jury Trial Demanded

      Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his complaint:

## NATURE OF THE ACTION

      1.    This action is to recover money damages arising out of the violation of plaintiff's rights under the United States Constitution.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

      3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Jerry Jones is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Matthew Brady, Shield No. 7632 ("Brady"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 77th Precinct in Brooklyn, New York. He is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Defendant Brady is sued in his individual and official capacity.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICE OF CLAIM

13. On or about November 8, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## STATEMENT OF FACTS

16. On August 10, 2013 at or around 9:30 p.m. plaintiff was unlawfully detained and arrested, assaulted, and thereafter prosecuted on the false charge of drinking alcohol in public.

17. At that time, Mr. Jones was drinking red bull from a cup and walking on Union Street between Portal Street and Ralph Avenue in Brooklyn.

18. Defendants stopped Mr. Jones, questioned him and smelled what he was drinking.

19. No reasonable officer would have mistaken the red bull he was drinking for alcohol.

20. Defendants ordered plaintiff to put his hands behind his back. When Mr. Jones questioned why, one of the individual defendants took hold of plaintiff by his legs and slammed him to the pavement.

21. Without probable cause or reasonable suspicion to believe any crime or offense had been committed, the individual defendants nonetheless arrested Mr. Jones and took him to the 77th Precinct Stationhouse.

22. Plaintiff, while being escorted from the auto into the Precinct, was pushed by one of the individual defendants into a closed front door.

23. At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing the plaintiff of drinking "liquor" from a cup and refusing to produce identification.

24. Plaintiff was taken from the Stationhouse for medical care at Kings County Hospital. While there, and at plaintiff's request, his blood was tested for alcohol content, and the results were negative.

25. Plaintiff was eventually taken to Brooklyn Central Booking to await arraignment.

26. While Mr. Jones was awaiting arraignment, defendant Grady made, and the other individual defendant allowed him to make, false statements to the Kings County District Attorney's Office.

27. The misrepresentations caused plaintiff to be prosecuted under Criminal Court Kings County Docket Number 2013KN062785 on the false charge of consumption of alcohol in public, an offense punishable by up to five days in jail, and obstruction of governmental administration, a misdemeanor punishable by up to a year in jail.

28. After approximately twenty-four hours in custody, plaintiff was arraigned on the false charges, an adjournment in contemplation of dismissal was entered, and Mr. Jones was released.

29. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Jones.

30. The individual defendants' acts and omissions caused plaintiff to suffer loss of liberty, physical injury and pain, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the indignities and debasement of the arrest-to-arraignment process and the anxiety caused by the false testimony and evidence.

31. The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning the plaintiffs, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## **FIRST CLAIM**
**Unlawful Stop**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

40. Plaintiff was conscious of his confinement.

41. Plaintiff did not consent to his confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

36. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

37. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

41. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

45. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

46. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

47. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

51. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

52. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

56. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

57. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Each defendant present but who did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

32. Accordingly, each defendant who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: December 27, 2013
New York, New York

                                       HARVIS WRIGHT& FETT LLP
                                         *Attorneys for Plaintiff*
                                       305 Broadway, 14th Floor
                                       New York, New York 10007
                                       (212) 323-6880
                                       gharvis@hwandf.com

                                       _____
                                       By: Gabriel Harvis